IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SAMUEL MONTGOMERY**                                                                  **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO.3:17CV410 DPJ-LRA**

**PELICIA D. HALL, Commissioner of the**
**Mississippi Department of Corrections and E. LEE,**
**Superintendent of Mississippi State Penitentiary**           **RESPONDENTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Samuel Montgomery filed the instant petition for writ of habeas corpus relief. Respondents moved to dismiss the petition for failure to state a claim upon which relief may be granted. Alternatively, Respondents contend that the petition should be dismissed for failure to exhaust state court remedies. The Court recommends that the motion be granted for the reasons that follow.

Montgomery was convicted of murder in the Circuit Court of Hinds County, Mississippi, in 1987. He was sentenced as a habitual offender to serve a term of life imprisonment in the custody of the Mississippi Department of Corrections without parole, probation, reduction or suspension of sentence pursuant to Miss. Code Ann. § 99-19-81 and § 47-5-110.[1] The conviction and sentence were affirmed on direct appeal. *Montgomery v. State*, 566 So.2d 478 (Miss. 1990). In 2015, the Mississippi Parole Board denied Montgomery's request for parole, citing the serious nature of the offense;

---

[1] The undersigned notes that Montgomery disputes the accuracy of the sentencing order produced by Respondents, indicating that he was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81. ECF No. 20.

community opposition; and its belief that his "ability or willingness to fulfill the obligations of a law-abiding citizen is lacking, pursuant to Section 47-7-17 of the Mississippi Code Annotated as amended." He was instructed to "come before the Board with a clean record" at his next parole hearing. Aggrieved, Montgomery filed a "Notice of Appeal" and a "Motion for Leave to File an Amended Notice of Appeal" in the Mississippi Supreme Court. Both the motion and subsequent request for reconsideration were denied.[2]

Montgomery asserts that he is entitled to habeas relief because of the "denial of due process and equal protection during a subsequent parole hearing."[3] Although the records reflect the next hearing is not scheduled until September 9, 2018, Montgomery maintains that he is entitled to parole because he meets the statutory age requirement and has served over 10 years of his sentence. Relying primarily on Miss. Code Ann. 47-7-3(1)(g)(ii),[4] he claims that the Parole Board's reasons for denying parole were just a

---

[2] ECF No. 19-1 – 19-9.

[3] ECF No. 14.

[4] Miss. Code Ann. 47-7-3(1)(g)(ii) provides as follows:

> (ii) Notwithstanding the provisions in paragraph (i) of this subsection, a person serving a sentence who has reached the age of sixty (60) or older and who has served no less than ten (10) years of the sentence or sentences imposed by the trial court shall be eligible for parole. Any person eligible for parole under this subsection shall be required to have a parole hearing before the board prior to parole release. No inmate shall be eligible for parole under this paragraph of this subsection if:
>
> > 1. The inmate is sentenced as a habitual offender under Sections 99-19-81 through 99-19-87;
> > 2. The inmate is sentenced for a crime of violence under Section 97-3-2;

2

pretext for treating him differently, and punishing him "more severely" than "all other similar situated offenders" who have "served the required length of time on their sentence[s]."[5] He requests this Court grant the following relief (as stated by Petitioner):

> require the Mississippi state parole board to release the petitioner on parole immediately; pursuant to Miss. Code Ann. Section 47-7-3(1)(g)(ii); 47-7-17 or in the alternative 47-7-4; Miss. Code Ann. 2015 as the petitioner are entitled to an immediate relief on parole which the board is empowered to grant in accordance with section 47-7-5(c) of the Miss. Code Ann. 2015.[6]

Respondents submit that the petition should be dismissed for failure to state a claim upon which relief can be granted, or in the alternative, for failure to exhaust state court remedies.

Federal courts "may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir.1983) (internal quotation marks omitted); 28 U.S.C. § 2254(a). A habeas petitioner must allege that he or she has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). If a Petitioner has not alleged a deprivation of any

---

3. The inmate is sentenced for an offense that specifically prohibits parole release;
4. The inmate is sentenced for trafficking in controlled substances under Section 41-29-139(f);
5. The inmate is sentenced for a sex crime; or
6. The inmate has not served one-fourth ( ¼ ) of the sentence imposed by the court.

[5] ECF No. 14, pp. 7-16.

[6] *Id*. at 26.

such right, he has failed to state a claim for habeas relief. *Id*. "A petition for federal habeas corpus relief based on any argument that state courts are incorrectly applying their own law thus is not a basis for relief." *Wansley v. Mississippi Dept. of Corrections,* 769 F.3d 309 (5th Cir. 2014) (citation omitted).

Montgomery's challenge to the Mississippi Parole Board's decision on due process grounds raises an issue of state law only. The procedural guarantees of the Due Process Clause are implicated only when a state has a system of mandatory parole. *Id.* "Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole." *Id. See* Miss. Code Ann. §§ 47-7-3, 47-7-17; *Smith v. Mississippi Parole Bd.*, 478 F. App'x. 97, 99 (5th Cir. 2012); *Thigpen*, 732 F.2d at 1217. Because Montgomery has no constitutional right to parole, he can have no constitutionally protected right to a parole eligibility date. *Lenoir v. Epps,* Civil Action No. 5:04CV290-JCS, 2007 WL 951595 (S.D. Miss. Mar. 27, 2007). Thus, he cannot maintain a habeas claim on the grounds that the Mississippi Parole Board deprived him of procedural due process.

With regard to Montgomery's claim that his right to equal protection was violated by the denial of parole, "[s]uch an allegation, if prove[n], would constitute denial of a cognizable federal right." *Thigpen*, 732 F.2d at 1218; *Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190, 1193 (5th Cir. 1985) ("equal protection may be violated even though the differential treatment does not relate to a substantive constitutional right"). However, Montgomery's complaint is subject to the exhaustion requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Thigpen*, 732 F.2d at 1218.

4

Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief, and Montgomery has made no showing that he exhausted his equal protection claim in state court. *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006).

The record herein reflects that the "Notice of Appeal" and "Motion for Leave to File an Amended Notice of Appeal" denied by the Mississippi Supreme Court on April 13, 2016, did not raise an equal protection claim. Nor was it raised as an original action in circuit court. *Lattimore v. Sparkman*, 858 So.2d 936 (Miss. Ct. App. 2003); *Horton v. King*, 148 So.3d 683 (Miss. Ct. App. 2014) (observing that "an inmate may contest matter[s] such as [matters related to parole and sentencing] as an original action in circuit court"). Before one may file a federal habeas petition, he must first present his claims to the state's highest court in a procedurally proper manner and give the state court a fair opportunity to pass upon them. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). *See also, Morris v. Dretke,* 379 F.3d 199, 204 (5th Cir. 2004) (citing *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). Until such time, Petitioner has not met the exhaustion prerequisites to seeking habeas relief. Because the Court so finds, it need not address the merits of the equal protection claim.

In sum, Montgomery's claim that the Mississippi Parole Board's denial of parole violated his due process rights fails to state a claim upon which relief may be granted and should be dismissed with prejudice. Montgomery's contention that his equal protection rights were violated by the denial of parole should be dismissed for failure to exhaust state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on May 31, 2018.

    s/ Linda R. Anderson    
UNITED STATES MAGISTRATE JUDGE
