UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SAMUEL MONTGOMERY, #31273                                                          PETITIONER

V.                                                                CIVIL ACTION NO. 3:17-CV-410-DPJ-LRA

PELICIA D. HALL, COMMISSIONER OF THE
MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND
E. LEE, SUPERINTENDENT OF
MISSISSIPPI STATE PENITENTIARY                                                    RESPONDENTS

ORDER

This petition for writ of habeas corpus is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Linda R. Anderson [21]. Judge Anderson recommended dismissal of the petition on two grounds: (1) failure to state a claim upon which relief can be granted (due-process claim) and (2) failure to exhaust state-court remedies (equal-protection claim). Petitioner Samuel Montgomery filed an Objection [24], and Respondents notified the Court of their intention not to respond [25]. For the reasons stated, the Court finds the R&R [21] should be adopted as the opinion of the Court.

This action stems from the Mississippi Parole Board's denial of Montgomery's request for parole in 2015. Montgomery contends he was denied due process and equal protection in the parole proceedings, maintaining he is entitled to parole because he meets the statutory age requirement and has served over ten years of his sentence. Obj. [24].

Turning first to Montgomery's due-process claim, Judge Anderson correctly observed that because parole is discretionary in Mississippi, state prisoners have no liberty interests in parole that would implicate due process. R&R [21] at 4; *see Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014) ("Parole, however, is discretionary in Mississippi, so prisoners in the state have no liberty interest in parole."); *Smith v. Miss. Parole Bd.*, 478 F. App'x 97, 98–

99 (5th Cir. 2012) (same). In his Objection, Montgomery argues that the 2014 legislative amendments employ the mandatory term "shall" thereby creating a liberty interest. Obj. [24] at 3. Petitioner relies on Mississippi Code section 47-7-3(1)(g)(ii), which provides, in part:

> Notwithstanding the provisions in paragraph (i) of this subsection, a person serving a sentence who has reached the age of sixty (60) or older and who has served no less than ten (10) years of the sentence or sentences imposed by the trial court shall be eligible for parole. Any person eligible for parole under this subsection shall be required to have a parole hearing before the board prior to parole release.

But the portion of the statute he cites merely provides that a person eligible for parole "shall be required to have a *parole hearing* before the board prior to parole release." *Id.* (emphasis added). It does not provide an absolute right to be released on parole. Consistent with this provision, Montgomery received a hearing in 2015, and is scheduled for a second hearing on September 9, 2018. Resp. Mot. [19], Ex. C [19-3] at 1 ("Action of the Parole Board"). Moreover, the Fifth Circuit has rejected any argument that section 47-7-3 creates a liberty interest in a parole hearing. *Wansley*, 769 F.3d at 312–13 (collecting cases, reversing district court decision to order a parole hearing, and dismissing petition). The Court agrees that Montgomery's due-process claim should be dismissed with prejudice.

As to Montgomery's equal-protection claim, Judge Anderson appropriately recommends dismissal without prejudice for failure to exhaust state-court remedies. R&R [21] at 4–5 (citing the exhaustion requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA")). The record does not reflect that Montgomery has presented the substance of his equal-protection claim "to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)); *see* R&R [21] at 5 (noting Montgomery did not raise an equal-protection claim in his filing to the Mississippi Supreme court).

In his Objection, Montgomery seems to argue that a prior lawsuit in this Court should satisfy the exhaustion requirement. Obj. [24] at 9. That lawsuit, *Montgomery v. Mississippi Parole Board*, No. 3:16-CV-707-TSL-RHW, was merely the precursor to this action; Judge Lee severed the instant habeas claims into a separate lawsuit and dismissed Montgomery's claims under 42 U.S.C. § 1983, *id.*, Order [17]. Because Montgomery has not presented his equal-protection claim to the *state's* highest court, that claim is due to be dismissed without prejudice.

The R&R [21] is adopted as the finding of this Court; Respondents' motion to dismiss [19] is granted.[1] Montgomery's due-process claim is dismissed with prejudice, and his equal-protection claim is dismissed without prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 1st day of August, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Due to dismissal, Montgomery's motion to substitute [18] Marshal Turner for Defendant E. Lee is considered moot.